# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>ERNESTO GONZALEZ-RODRIGUEZ,<br><br>　　　　　　　　　Defendant. | CASE NO. 12cr1121-LAB<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (18 USC § 3582(c)(2))** |

　　　Ernesto Gonzalez-Rodriguez ("Gonzalez") has filed a motion to reduce his 87-month sentence for possessing methamphetamine with intent to distribute. Ordinarily, a court can't change a sentence after it has been imposed. But 18 U.S.C. § 3582(c)(2) creates an exception when a defendant was sentenced based on a sentencing range that is subsequently lowered by an amendment to the United States Sentencing Guidelines ("USSG" or "Guidelines"). That's what happened here. The Court originally sentenced Gonzalez on July 30, 2012, relying on the Guidelines then in effect. About two years later, the U.S. Sentencing Commission approved Amendment 782 to the Guidelines, which lowered the sentencing ranges by 2 levels for most drug offenses – including Gonzalez's offense. The Commission also voted to make the changes retroactive, which meant that Gonzalez could seek a reduction of his original sentence assuming he was eligible. But the Commission has

imposed restrictions on a court's ability to retroactively reduce a drug sentence, and Gonzalez's motion hinges on them.[1]

First, the Commission has decreed that a court may not reduce a defendant's sentence to a term less than the low end of the amended Guideline range. USSG § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . ."); Amendment 788 (amending Guidelines § 1B1.10).  Standing alone, this restriction isn't particularly problematic for Gonzalez since the amended Base Offense Level for his drug offense starts out 2 levels lower than his original Base Offense Level.  But a second limitation puts teeth in the first one: The amended Guideline range must be determined without regard to any departure or variance that Gonzalez received when he was originally sentenced – other than a departure for substantial assistance under § 5K1.1.  *See* USSG § 1B1.10, *comment.* (n.1(A)) (new Guideline range is to be determined "before consideration of any departure provision in the Guidelines Manual or any variance"); *comment.* (n.3) (making clear that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if the court's original sentence was outside the Guideline range owing to a departure or variance other than for substantial assistance).  In other words, the Court must back out from the revised calculations of Gonzalez's amended

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Courts must adhere to applicable policy statements of the Sentencing Commission when giving effect to retroactive changes to the Guidelines. 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 821 (2010) ("Any reduction [based on a retroactive change to the Guidelines] must be consistent with applicable policy statements issued by the Sentencing Commission.")

1  sentence range any departure or variance previously given, unless it was for substantial
2  assistance.[2]

3  The Court originally calculated Gonzalez's Guidelines as follows:

4  Base Level:                                                                                  **38**
5  Safety Valve downward adjustment (§ 2D1.1(b)(16)):          **-2**
6  Acceptance of Responsibility downward adjustment (§ 3E1.1(a)(b)):   **-3**
7  Fast Track departure (§ 5K3.1):                                           **-4**

8  His Adjusted Offense Level was 29, and with a Criminal History Category of I, his advisory
9  Guideline range was 87–108 months. The Court chose not to vary from the Guideline range,
10 but did impose a low end sentence of 87 months.

11 Under the amended Guidelines, Gonzalez receives a 2-point reduction from his original
12 Base Offense Level, but that credit is offset because the 4-level Fast Track departure
13 originally granted no longer counts:

14 Base Level:                                                                                  **36**
15 Safety Valve downward adjustment (§ 2D1.1(b)(16)):          **-2**
16 Acceptance of Responsibility downward adjustment (§ 3E1.1(a)(b)):   **-3**
17 ~~Fast Track departure (§ 5K3.1):~~                                      ~~-4~~

18 Gonzalez's new Adjusted Offense Level is 31, his Criminal History Category remains at I, and
19 his sentencing range *increases* to 108–135 months – higher than his original range of
20 87–108 months. Because the low end of the amended Guidelines range (108 months) is
21 higher than Gonzalez's original sentence (87 months), he is ineligible for a sentence reduction

---

[2]  A prior version of § 1B1.10 was different. It provided that, if the defendant originally received a below-Guidelines departure or variance, a comparable departure "may be appropriate" when granting a sentence reduction under § 3582(c)(2), while a comparable variance "generally would not be appropriate." *See* USSG §1B1.10(b)(2)(B) (2010). But in 2011, the Sentencing Commission abandoned the distinction between departures and variances, finding that it was "difficult to apply" and "prompted litigation." *See* Notice of Final Action Regarding Amendment to Policy Statement 1B1.10, 76 Fed. Reg. 41332, 41332, 41334 (July 13, 2011). In the new (and current) version of USSG § 1B1.10, the Commission imposed a "single limitation applicable to both departures and variances" that it believed would "avoid unwarranted sentencing disparities" and "undue complexity and litigation." *Id*. The single exception is for Substantial Assistance departures. *See* USSG §1B1.10(b)(2)(B) (2011). And the Court must apply the current version of the Guidelines in deciding this motion. *Id., comment.* (n.8).

under Amendment 782. *See* USSG § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . .")

Gonzalez and many other defendants in the Southern District of California are likely to feel aggrieved by the restrictions § 1B1.10 imposes. In the great majority of drug cases sentenced in this district, defendants are granted a 4-level Fast Track departure or some other departure or variance. In these many cases, the effect of not counting non-qualifying departures and variances will be that the low end of the amended Guideline range is necessarily higher than the original sentence. And this will doom the defendants' eligibility for retroactive reductions of their drug sentences. But that's how § 1B1.10 reads, and how retroactive Guidelines amendments must be applied. The Ninth Circuit agrees with this interpretation. *See United States v. Davis*, 739 F.3d 1222, 1225-26 (9th Cir. 2014) (interpreting application of § 1B1.10 to revised crack cocaine Guideline); *United States v. Pleasant*, 704 F.3d 808, 812 (9th Cir. 2013) (amended Guideline range "is derived pre-departure and pre-variance."); *United States v. Mungia-Diaz*, No. 14 30032, 2015 WL 3956525 at *1 (9th Cir. June 30, 2015) (applying § 1B1.10 to Amendment 782). So do other circuits. *See, e.g., United States v. Hogan*, 722 F.3d 55, 62 (1st Cir. 2013); *United States v. Erskine*, 717 F.3d 131, 137-41 (2d Cir. 2013); *United States v. Berberena*, 694 F.3d 514, 518-19 (3d Cir. 2012); *United States v. Diggs*, 768 F.3d 643, 646 (7th Cir. 2014); *United States v. Anderson*, 686 F.3d 585, 588 (8th Cir. 2012); *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013); *United States v. Taylor*, 743 F.3d 876, 879-80 (D.C. Cir. 2014).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Because USSG § 1B1.10 prohibits the Court from reducing Gonzalez's sentence below the low end of his revised Guidelines range of 108 months, Amendment 782 does not apply to him. For this reason,[3] Gonzalez's § 3582(c)(2) motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: July 8, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[3] Gonzalez may be ineligible for § 3582(c)(2) relief for a different reason: He pled guilty to possessing with the intent to distribute a "mixture" of 23.68 kilos of methamphetamine. Despite Amendment 782, a defendant who is convicted of a federal drug offense involving 4.5 kilograms or more of actual methamphetamine is not eligible for reduction of sentence. *See* USSG § 2D1.1(c)(1) (2014). A local sentencing rule currently in effect in the Southern District of California requires the government in methamphetamine cases to ascertain the weight of actual methamphetamine, and inform the court of the result prior to or at the time of sentencing. Since the Base Offense Level in methamphetamine cases depends on the amount of actual methamphetamine, this facilitates the correct calculation of the Guidelines. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (first step in the sentencing process is for the court to correctly calculate the sentencing range under the Guidelines). Here, the Court based its original Guideline calculations on Gonzalez's guilty plea to possessing a "mixture" of methamphetamine that weighed 23.68 kilograms, but did not determine how much of that amount was actual methamphetamine. It's possible that the amount of actual methamphetamine in this case can still be ascertained.

The Court is mindful that it is not permitted to engage in a *de novo* resentencing when ruling on a § 3582(c)(2) motion. USSG. § 1B1.10(a)(3), p.s. ("[P]roceedings under § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.") At the same time, a court must confirm that the defendant is eligible for a reduction in sentence according to the applicable Guidelines policy statements. *Dillon*, 560 U.S. at 827; *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). In methamphetamine cases, ruling out the possibility that the offense involved 4.5 kilograms or more of actual methamphetamine would seem to be a prerequisite to granting a sentence reduction, given the limitation imposed by § 2D1.1(c)(1). In addition, a court is permitted to consider relevant § 3553(a) factors in evaluating whether to grant or deny a drug sentence reduction. USSG § 1B1.10, *comment.* (n.1(B)(i)). Federal drug sentencing invariably depends on the type and the amount of drug involved, so knowing the amount of actual methamphetamine may also inform the Court's consideration of the § 3553(a) factors. *See United States v. Hicks*, 472 F.3d 1167, 1171 (9th Cir. 2007) ("While § 3582(c)(2) proceedings do not constitute full resentencings, their purpose *is* to give defendants a new sentence. This resentencing, while limited in certain respects, still results in the judge calculating a new Guideline range, considering the § 3553(a) factors, and issuing a new sentence based on the Guidelines."), *disapproved on other grounds in Dillon,* 560 U.S. at 286.

Whether the Court can require the government to produce a lab report showing the amount of actual methamphetamine before finding that a defendant is eligible for § 3582(c)(2) relief is an open question. Because Gonzalez is ineligible for relief on a totally separate ground, the Court won't resolve that question in this case.